**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| OAKLEY, INC., <br><br>       Plaintiff, <br><br> v. <br><br> EPRO E-COMMERCE GROUP LIMITED and EPRO E-COMMERCE LIMITED, <br><br>       Defendant. | Case No. 20-cv-00901 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff") hereby brings the present action against Defendants EPRO E-commerce Group Limited and EPRO E-commerce Limited (collectively, "Defendant" or "EPRO") and alleges as follows:

### I. INTRODUCTION

1.     This action has been filed by Oakley to address Defendant's selling and offering for sale of gloves and other products featuring infringements and/or counterfeits of Oakley's trademarks (the "Counterfeit Products") through Defendant's website.  Oakley seeks to address Defendant's infringement and/or counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing low-quality Counterfeit Products over the Internet from China.  Oakley has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendant's actions and seeks injunctive and monetary relief.

2.     Defendant is a repeat counterfeiter.  On January 29, 2019, Oakley filed the lawsuit 1:19-cv-00587, *Oakley, Inc. v. EPRO E-commerce Group Limited and EPRO E-commerce*

*Limited,* in the United States District Court for the Northern District of Illinois (the "Lawsuit") against Defendant for trademark infringement and counterfeiting.

3.       On August 28, 2019, Oakley and Defendant entered into a valid and binding settlement agreement ("Agreement") resolving the Lawsuit.  Among other terms, Defendant agreed to immediately and permanently cease and desist from any further infringement or unauthorized use of the Oakley trademarks.

4.       In October 2019, Oakley again determined that Defendant was selling products bearing counterfeit versions of the Oakley trademarks through the website at dx.com.

## II. JURISDICTION AND VENUE

5.       This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant directly targets business activities toward consumers in Illinois and causes harm to Oakley's business within this Judicial District.  Defendant has targeted sales from Illinois residents by operating a fully interactive, commercial website at dx.com that offers to sell and has sold Counterfeit Products to residents of Illinois.  Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Oakley substantial injury in the State of Illinois.

### III. THE PARTIES

**Plaintiff Oakley**

7.     Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

8.     Oakley is an indirect, wholly-owned subsidiary of Luxottica Group S.p.A.

9.     Oakley is an internationally recognized manufacturer, distributor and retailer of eyewear, apparel, footwear, outerwear, jackets, gloves, accessories and other merchandise, all of which prominently display its famous, internationally-recognized and federally-registered trademarks, including OAKLEY and various Icon logos (collectively, the "Oakley Products"). Oakley Products have become enormously popular and even iconic, driven by Oakley's arduous quality standards and innovative design.  Among the purchasing public, genuine Oakley Products are instantly recognizable as such.  In the United States and around the world, the Oakley brand has come to symbolize high quality, and Oakley Products are among the most recognizable eyewear, apparel, footwear, outerwear, jackets, gloves and accessories in the world.

10.     Oakley Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, the official Oakley.com website which was launched in 1995, and Oakley O Stores, including one located at 835 N. Michigan Avenue in Chicago, Illinois.

11.     Oakley incorporates a variety of distinctive marks in the design of its various Oakley Products.  As a result of its long-standing use, Oakley owns common law trademark rights in the Oakley trademarks.  Oakley has also registered its trademarks with the United States Patent and Trademark Office.  Oakley Products typically include at least one of Oakley's registered trademarks.  Oakley uses its trademarks in connection with the marketing of Oakley Products,

including, but not limited to, the following marks which are collectively referred to as the "Oakley Trademarks."

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,522,692 | OAKLEY | For: Clothing, namely, shirts and hats in class 25. |
| 2,293,046 | OAKLEY | For: Clothing, headwear and footwear and footwear, namely, sport shirts, jerseys, shirts, jackets, vests, sweatshirts, pullovers, coats, ski pants, headwear, caps, shoes, athletic footwear, all purpose sports footwear and socks in class 25. |
| 3,331,124 |  | For: Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories; and protective clothing, namely, racing pants in class 9.<br><br>For: Clothing, namely, t-shirts, beach-wear, blouses, sports shirts, jerseys, swimwear, swimtrunks, shorts, underwear, shirts, pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, sweaters, pullovers, coats, sweatpants, headwear, namely, hats, caps, visors and footwear, namely wetsuit booties, shoes, sandals, athletic footwear, all purpose sports footwear, thongs and boots in class 25. |
| 5,109,790 |  | For: Gloves in class 25. |

12.    The above registrations for the Oakley Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  The Oakley Trademarks have been used exclusively and continuously by Oakley for many years, and have

never been abandoned.  Attached hereto as **Exhibit 1** are true and correct copies of the United States Registration Certificates for the Oakley Trademarks included in the above table. Incontestable status under 15 U.S.C. § 1065 provides that the registrations for the Oakley Trademarks are conclusive evidence of the validity of the Oakley Trademarks and of the registration of the Oakley Trademarks, of Oakley's ownership of the Oakley Trademarks, and of Oakley's exclusive right to use the Oakley Trademarks in commerce.  15 U.S.C. §§ 1115(b), 1065.

13.     The Oakley Trademarks are exclusive to Oakley, and are displayed extensively on Oakley Products and in Oakley's marketing and promotional materials.  Oakley Products have long been among the most popular eyewear, apparel and accessories in the world and have been extensively promoted and advertised at great expense.  In fact, Oakley has expended millions of dollars annually in advertising, promoting and marketing featuring the Oakley Trademarks. Oakley Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and are renowned as desired luxury items.  Because of these and other factors, the Oakley name and the Oakley Trademarks have become famous throughout the United States.

14.     The Oakley Trademarks are distinctive when applied to Oakley Products, signifying to the purchaser that the products come from Oakley and are manufactured to Oakley's quality standards.  Whether Oakley manufactures the products itself or licenses others to do so, Oakley has ensured that products bearing its trademarks are manufactured to the highest quality standards.  The Oakley Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks.  As such, the goodwill associated with the Oakley Trademarks is of incalculable and inestimable value to Oakley.

15.     Since at least as early as 1995, Oakley has operated a website where it promotes and sells genuine Oakley Products at Oakley.com.  Sales of Oakley Products via the Oakley.com website represent a significant portion of Oakley's business.  The Oakley.com website features proprietary content, images and designs exclusive to Oakley.

16.     Oakley's innovative marketing and product designs have enabled Oakley to achieve widespread recognition and fame and have made the Oakley Trademarks some of the most well-known marks in the eyewear, apparel and accessories industry.  The widespread fame, outstanding reputation, and significant goodwill associated with the Oakley brand have made the Oakley Trademarks valuable assets of Oakley.

17.     Oakley has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Oakley Trademarks.  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Oakley.  Oakley is a multi-million-dollar operation, and Oakley Products have become among the most popular of their kind in the world.

**Defendant**

18.     On information and belief, EPRO E-commerce Group Limited and EPRO E-commerce Limited (previously defined as "EPRO" or "Defendant") are corporations organized and existing under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, and headquartered at 15, 3/F New City Centre, No. 2 Lei Yue Mun Road, Kwun Tong, Kowloon, Hong Kong.

19.     Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of at least the fully interactive, commercial website at dx.com.  Defendant targets the United States, including Illinois residents,

and has offered to sell, and has sold, Counterfeit Products to consumers within the State of Illinois through the dx.com website.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

20.    Defendant operates a fully interactive, commercial website located at dx.com.

21.    Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on its website bearing logos, source-identifying indicia and design elements that are studied imitations, infringements, and/or counterfeits of the Oakley Trademarks (previously defined as the "Counterfeit Products").

22.    Oakley's investigator visited Defendant's website and purchased Counterfeit Products.

23.    The purchased Counterfeit Products were shipped to the State of Illinois.

24.    The purchased Counterfeit Products were inspected, and it was determined that the products were counterfeit and infringed the Oakley Trademarks.

25.    A comparison of the Oakley Trademarks to Defendant's Counterfeit Products exemplifies Defendant's counterfeiting and infringement of the Oakley Trademarks.

| Oakley Trademarks | Defendant's Counterfeit Products |
|---|---|
| <br>(Reg. No. 5,109,790) |  |
| OAKLEY<br>(Reg. Nos. 1,522,692 and 2,293,046) | <br> |
| <br>(Reg. No. 3,331,124) |  |

26.     Upon information and belief, Defendant is well aware of the extraordinary fame and strength of the Oakley Trademarks and the goodwill associated therewith.

27.     Defendant, without any authorization, license, or other permission from Oakley, has used the Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Counterfeit Products into the United States and Illinois over the Internet.

28.     Defendant's use of infringements and/or counterfeits of the Oakley Trademarks in the advertisement, distribution, offering for sale, and sale of the Counterfeit Products was willful.

29.     Defendant's willful use of infringements and/or counterfeits of the Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Counterfeit Products, including the sale of Counterfeit Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

30.     Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

31.     This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the federally registered Oakley Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.  The Oakley Trademarks are highly distinctive marks.  Consumers have come to expect the highest quality from Oakley Products sold or marketed under the Oakley Trademarks.

32.     Defendant has sold, offered to sell, marketed, distributed and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products bearing counterfeits of the Oakley Trademarks without Oakley's permission.

33.     Oakley is the exclusive owner of the Oakley Trademarks.  Oakley's United States Registrations for the Oakley Trademarks (**Exhibit 1**) are in full force and effect.  Upon information

9

and belief, Defendant has knowledge of Oakley's rights in the Oakley Trademarks and is willfully infringing and intentionally using counterfeits of the Oakley Trademarks. Defendant's willful, intentional and unauthorized use of the Oakley Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public.

34. Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Oakley has no adequate remedy at law, and if Defendant's actions are not enjoined, Oakley will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Oakley Trademarks.

36. The injuries and damages sustained by Oakley have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

37. Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

38. Defendant's promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Oakley or the origin, sponsorship, or approval of Defendant's Counterfeit Products by Oakley.

39. By using the Oakley Trademarks on the Counterfeit Products, Defendant created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

10

40.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

41.     Oakley has no adequate remedy at law and, if Defendant's actions are not enjoined, Oakley will continue to suffer irreparable harm to its reputation and the goodwill of the Oakley brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

42.     Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

43.     Defendant has engaged in acts violating Illinois law including, but not limited to, passing off its Counterfeit Products as those of Oakley, causing a likelihood of confusion and/or misunderstanding as to the source of its goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Oakley Products, representing that its Counterfeit Products have Oakley's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

44.     The foregoing Defendant acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

45.     Oakley has no adequate remedy at law, and Defendant's conduct has caused Oakley to suffer damage to its reputation and associated goodwill.  Unless enjoined by the Court, Oakley will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## COUNT IV
## BREACH OF CONTRACT

46.     Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

47.     The Agreement entered into by Oakley and Defendant created a contract between Oakley and Defendant whereby Defendant agreed it would immediately and permanently cease and desist from any further infringement or unauthorized use of the Oakley Trademarks, including but not limited to, any further purchases, offers to sell and/or sales of Counterfeit Products and any further use of the Oakley Trademarks to promote sales of products not made by Oakley.

48.     The Agreement is a valid and enforceable contract.

49.     Oakley performed all of its obligations under the Agreement.

50.     Defendant breached the Agreement by offering Counterfeit Products for sale on its dx.com website.

51.     As a result of Defendant's breach of the Agreement, Plaintiff has suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Oakley prays for judgment against Defendant as follows:

1)  That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily and permanently enjoined and restrained from:

    a.  using the Oakley Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Oakley Product or is not authorized by Plaintiff to be sold in connection with the Oakley Trademarks;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Oakley Product or any other product produced by Oakley, that is not Oakley's or not produced under the authorization, control or supervision of Oakley and approved by Oakley for sale under the Oakley Trademarks;

c.  committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Oakley, or are sponsored by, approved by, or otherwise connected with Oakley;

d.  further infringing the Oakley Trademarks and damaging Oakley's goodwill;

e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Oakley, nor authorized by Oakley to be sold or offered for sale, and which bear any of Oakley's trademarks, including the Oakley Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

f.  aiding, abetting, contributing to or otherwise assisting anyone in infringing upon the Oakley Trademarks; and

g.  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (f).

2)  That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Oakley a written report under oath setting forth in detail the manner in which Defendant has complied with Paragraph 1, a through g, above;

13

3) That Defendant account for and pay to Oakley all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Oakley Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Oakley be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) of $2,000,000 for each and every use of the Oakley Trademarks;

5) That Defendant be preliminarily and permanently enjoined from breaching the Agreement between Oakley and Defendant;

6) That Oakley be awarded damages for Defendant's breach of the Agreement between Oakley and Defendant;

7) That Oakley be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Oakley hereby demands a trial by jury as to all issues so triable.

Dated this 7th day of February 2020.    Respectfully submitted,

/s/ Justin R. Gaudio

Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Jake M. Christensen
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
jchristensen@gbc.law

*Counsel for Plaintiff Oakley, Inc.*